McClendon, Judge.
Following judicial review affirming administrative determination that appellant was eligible for unemployment benefits only after hearing before an appeals referee on July 28, 1978, but not at the time of initial determination on May 28, 1978, Mrs. Goodwin filed this appeal. We reverse the trial court.
This claimant was employed at the Plain Dealing Academy, Plain Dealing, Louisiana, for part of the year 1978 to fill in for a regular teacher who was on maternity leave. At the end of that school year, since she had no assurance of employment as a teacher in the fall and no other employment in sight, she applied for unemployment benefits.
Based upon what was later determined to be a misunderstanding of what she said about minimum acceptable salary, she was denied benefits by a claims interviewer with this comment:
“Cl states only qualified to teach. However, she’d accept light clerical work (no typing) at a rate of $755 per mo. There is no teaching this summer and Cl’s wage demand is excessive for other work.
“Disq. 1600(3) 5-28-78”
The reference in the quotation is obviously to La.R.S. 23:1600(3) which provides the basis for eligibility for benefits and requires a finding by the administrator that the unemployed individual is able to work, available for work, and is conducting an active search for work. Claimant was found not to meet “availability” requirement, because of the $755 minimum she was thought to be demanding.
Following an appeal from this determination, a hearing was held before an appeals referee at which Barbara Goodwin was the only witness. The appeals referee made the folio wing, findings of fact:
“The claimant, female, age thirty-nine, has worked for Plain Dealing Academy for about three years, two of these years being as a full-time teacher and one year teaching in the place of other teachers. Her last period of employment was as a fill-in teacher as another teacher was on maternity leave and she was only hired for the duration of that school term. On June 2, 1978 she signed a completed Employment Security Statement LDES-259 which stated she was available for work and was qualified to teach and do light clerical work not involving typing and also indicated the minimum wage acceptable would be $755.00 per month. In sworn testimony this date she has stated that the statement as given was true except that she felt that she failed to communicate to the Agency that the salary quoted was in regard to a teaching job and not as a job as a clerical worker. She has also testified that during the calendar year of 1977 she was actually employed in a light clerical position in the City of Vivian, thus being a part-time job before her last period of employment with Plain Dealing Academy and has also stated that as of the date of this hearing she is willing to commute as far as Shreveport to work and would accept the prevailing wage rate in light clerical work or sales work with no restrictions on hours if the hours were comparable to her former positions. She has also stated that she has been actively seeking employment in the Shreveport area.”
From this the appeals referee concluded that claimant had by her testimony “lifted any restriction regarding her availability” and “should be eligible for benefits.” He then affirmed the original determination *886 that claimant was not available for work as of May 28,1978, but modified it to show she met the availability requirements as of July 28, 1978, and so was eligible for benefits as of that date.
Further appeal to the Board of Review resulted in refusal by that board to hear the appeal and affirmation of the decision of the appeals referee.
Judicial review, from which the present appeal was taken, resulted in affirmation of the appeals referee for the stated reason that it could create an unfair situation in the school system if many of its employees were to file for unemployment during the summer term, knowing that no work as a teacher will be available until September when school commences again. This statement indicates that the trial judge was under the impression that appellant was under contract or could anticipate resuming her teaching duties at Plain Dealing Academy in the fall term.
The Findings of Fact by which the trial court and we are bound under La.R.S. 23:1634 do not support this conclusion. This statute limits judicial review to questions of law, assuming the findings of facts are supported by competent evidence and absent any frahd.
The sole issue before this court is whether as a matter of law the conclusion of the appeals referee based upon his own findings of fact correctly fixed claimant’s eligibility for benefits as of the date of the hearing rather than the date of the initial determination. We find that it did not.
It is obvious that the appeals referee accepted appellant’s sworn explanation that the $755 salary figure given by her at the initial interview related to her teaching position and not to light clerical work, for which she said she was also qualified and willing to accept, and that she had actually done light clerical work in the year 1977 between her full time and last fill-in teacher employment at the academy. However, he chose to treat this as a lifting of restrictions placed by her on her availability which prevented her from being “available” and hence “eligible” until after the hearing on July 28, 1978.
We are of the opinion that the findings of fact, based upon competent evidence, establish that the misunderstanding occurred at the initial interview and when it was cleared up at the hearing the appellant established as a matter of law that she was “available” and hence “eligible” at the time of initial determination.
In this connection, it is noted that the answer to the petition for judicial review filed in the trial court on behalf of the Administrator prays that the decision of the Board of Review be reversed.
For these reasons the judgment appealed from is reversed and this matter is remanded to the Administrator in order that claimant’s eligibility for benefits may be established in accordance with our findings set forth herein.